PER CURIAM.
The final judgment dissolving the marriage between the appellant and the appel-lee incorporated the following stipulation:
The wife acknowledges that she needs an income of $400.00 per month which said HUSBAND shall pay at the rate of $100.00 per week, but that the monthly support payments may be reduced by a proportional amount on all rentals (home excluded) from property transferred

The marriage was dissolved on August 21, 1974 and in August of 1976 the parties attempted to modify the stipulation agreement by reducing the monthly payments due thereunder to $200.00 per month. The appellant failed to live up to either the terms of the initial stipulation or the attempted modification and a motion on rule to show cause was filed.
Appellant contends on appeal that the judge erred in computing his arrearage and in the award of a $350.00 fee to the appel-lee’s attorney.
The appellee confesses error relative to the award of attorney’s fee made without the benefit of evidence relative to reasonableness. On this issue the order must be reversed and the cause remanded to the judge for the taking of further evidence.
The judge determined that the appellant had not lived up to the terms of the attempted modification and computed his arrearage at the rate of $100.00 per week for 25 weeks. He allowed the appellant credit for $300.00 rent received by the ap-pellee and $400.00 paid by the appellant leaving an arrearage of $1,800.00. It appears from the record that during the 25-month period considered by the judge the appellee received $450.00 rental from Mr. L’Orange. In February she received a $40.00 payment from a lot leased to her son. The record reflects that she received additional rentals from a second son, but it is unclear whether these rentals were received during the six-month time span. In any event, it is clear that rents during this period exceeded the $300.00 credit reflected in the order. Although the discrepancy appears minimal, it does require clarification. The order is remanded on this issue for that purpose.
REVERSED and REMANDED.
ROBERT P. SMITH, Jr., BOOTH and SHAW, JJ., concur.